# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN BERNAL,<br><br>         Petitioner,<br><br>vs.<br><br>JAMES E. TILTON, Secretary,<br><br>         Respondent.[1] | Civil No. 06cv0558-BTM (NLS)<br><br>**ORDER:**<br><br>**(1) ADOPTING THE FINDINGS AND CONCLUSIONS OF UNITED STATES MAGISTRATE JUDGE;**<br><br>**(2) OVERRULING PETITIONER'S OBJECTIONS;**<br><br>**(3) DENYING PETITION FOR WRIT OF HABEAS CORPUS; AND**<br><br>**(4) ISSUING A PARTIAL CERTIFICATE OF APPEALABILITY LIMITED TO CLAIM ONE ONLY** |

Petitioner is a state prisoner proceeding by and through counsel with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) After two mistrials caused by hung juries, Petitioner was convicted at a third trial of first degree murder, attempted premeditated murder and other offenses related to a gang shooting, and was sentenced to life with the possibility of parole plus twenty-five years to life, plus sixty years. He claims that his Sixth and Fourteenth Amendment rights were violated by the unjustified shackling of his legs

---

[1] The Court sua sponte substitutes James E. Tilton, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), as Respondent in place of former Respondent, Jeanne Woodford, the former Director of the CDCR's predecessor entity, and in place of former Respondent Attorney General of the State of California, who is not a proper Respondent to this action.

during trial (claim one), and that his Fourteenth Amendment right to due process was violated when six firearms which were in his possession when he was arrested but were not used in the shooting were admitted into evidence and displayed to the jury (claim two). Presently before the Court is a Report and Recommendation ("R&R") submitted by United States Magistrate Judge Nita L. Stormes, which recommends denying the Petition on the basis that the state court's determination that although Petitioner should not have been shackled he was not prejudiced as a result of the shackling, and the determination that the guns were relevant and admissible, were objectively reasonable within the meaning of 28 U.S.C. § 2254(d). (Doc. No. 31.)

After the period for objections to the R&R had expired and no objections were filed, the Court adopted the findings and conclusions of the Magistrate Judge in full, directed that judgment be entered denying the Petition, and issued a Certificate of Appealability limited to claim one only. (Doc. No. 10.) The Court vacated that Order upon Petitioner's unopposed motion for relief from judgment, in which counsel for Petitioner indicated that she had never been served with the R&R. (Doc Nos. 12-14.) The Court reopened the objections period, and Petitioner has now filed objections to the R&R. (Doc. No. 15.)

The Court has reviewed the R&R and the objections thereto pursuant to 28 U.S.C. § 636(b)(1), which provides that: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). For the following reasons, the Court adopts the findings and conclusions of the Magistrate Judge as set forth in this Order, overrules Petitioner's objections, denies habeas relief, and issues a Certificate of Appealability limited to claim one only.

**I.    Claim One**

Petitioner contends in claim one that his legs were shackled during the trial and that the shackle was attached to the floor under the defense table, which was skirted only on the front and two sides, allowing the jury to see the shackle when they entered and exited the courtroom, and that the shackle hindered his ability to communicate with counsel because he was afraid to

1  move out of concern the jury would hear the chain rattle or clink, which it would do despite
2  being wrapped with a tape which muffled but did not eliminate the sound.  (Memorandum of
3  Points and Authorities in Support of Petition at 17-20.)  He also alleges that one juror saw him
4  in the hallway being led through the courthouse in leg, waist and wrist chains. (Id. at 18.)  The
5  Magistrate Judge found that it was appropriate for this Court to give deference to the findings
6  of the appellate court that the record was completely devoid of evidence that a single juror had
7  seen the shackle in the courtroom during the third trial.  (R&R at 8.)  The Magistrate Judge also
8  found that the trial court took adequate measures to ensure the leg restraint was fully concealed
9  and silenced and did not restrict Petitioner's ability to communicate with counsel. (Id.)  Based
10 on these findings, the Magistrate Judge concluded that Petitioner's rights were not violated under
11 Deck v. Missouri, 544 U.S. 622 (2005) or Dyas v.Poole, 317 F.3d 934 (9th Cir. 2003).  (R&R
12 at 8-10.)

13       Petitioner objects to the Magistrate Judge's finding that: "A review of the record
14 support's the Court of Appeal's conclusion that absent any evidence that Petitioner's leg restraint
15 had been visible to the jurors in the courtroom, Petitioner was not prejudiced by the use of leg
16 restraints during his third trial and trial court's error was therefore harmless [under Brecht v.
17 Abrahamson, 507 U.S. 619 (1993)]."  (Obj. at 5, quoting R&R at 7-8.)  Petitioner contends the
18 state court findings in this regard were objectively unreasonable.  He contends the finding that
19 Petitioner conceded that no juror actually saw the shackle was objectively unreasonable because
20 defense counsel had argued throughout the proceedings that the jurors were *able* to see the
21 shackle when they entered and exited the courtroom.  (Obj. at 3-4.)  However, the record also
22 shows that defense counsel indicated that the jury could be prevented from seeing the shackle
23 if he blocked their view with his chair or body.  (R&R at 6.)  The record supports the state court
24 finding that there is no evidence that any juror actually saw that Petitioner's feet were shackled
25 and attached to the floor.

26       Petitioner next objects to the reliance by the Magistrate Judge on the appellate court's
27 findings that there were no indications that the precautions taken to hide the restraints were
28 ineffective, and that it was appropriate to defer to the trial judge's assessment that the skirting

1    and angling of the defense table were not red flags to the jury that Petitioner was shackled or in
2    custody. (Obj. at 3-4.) He contends these findings were objectively unreasonable because the
3    trial court did not determine that the precautions were effective, and did not determine that red
4    flags had not been sent to the jury, but stated that the jurors were likely to deduce from the nature
5    of the charges and the fact that they did not see Petitioner in the hallway that he is in custody,
6    and that the precautions merely kept the jury from being constantly reminded that Petitioner was
7    shackled. (Id.) The Magistrate Judge found that the record supported the finding that the
8    skirting and angling of the counsel table, and the application of tape on the shackle to prevent
9    it from making noise, were effective. Those findings are not undermined by the trial judge's
10   comment that the jury was probably clever enough to deduce that Petitioner was in custody
11   because they did not see him in the hall and because he was charged with first degree murder,
12   and that the precautions taken in the courtroom were, in the trial judge's opinion, adequate to
13   prevent the jury from being constantly reminded during the trial that Petitioner was probably in
14   custody. Thus, Petitioner has not demonstrated that the state court findings were objectively
15   unreasonable.

16   Even assuming Petitioner could demonstrate that the appellate court's findings in this
17   regard were objectively unreasonable within the meaning of 28 U.S.C. § 2254(d), he must still
18   establish that his federal constitutional rights were violated. Fry v. Pliler, 552 U.S. ___, 2007
19   WL 1661463 (June 11, 2007) (holding that 2254(d) "sets forth a precondition to the grant of
20   habeas relief . . ., not an entitlement to it.") As the Magistrate Judge correctly found, Petitioner
21   has not established that his federal constitutional rights were violated under Deck or Dyas,
22   because there is no basis for a finding of prejudice as a result of his shackling as there was no
23   evidence any juror actually saw Petitioner shackled in the courtroom, and sufficient evidence
24   existed to demonstrate that effective precautions were taken to prevent the jury from seeing
25   Petitioner shackled. (See R&R at 8-10.)

26   Petitioner next takes issue with the appellate court's finding that a brief view of a
27   defendant in shackles is generally not considered prejudicial error, and that even if the jurors
28   caught a brief glimpse of Petitioner's shackle as they entered or exited the courtroom it is not

1 the type of protracted view which might cause prejudice. (Obj. at 4-5.) He contends these
2 findings are contrary to the holding in <u>Deck</u> that shackling undermines the presumption of
3 innocence and diminishes the right to counsel. (<u>Id.</u>) However, <u>Deck</u> involved a defendant
4 wearing leg braces which were not visible to the jury during the guilt phase, as here, and the
5 constitutional violation only occurred in the sentencing phase when the defendant was required
6 to appear in leg irons, handcuffs and a belly chain. <u>Deck</u>, 544 U.S. at 625. Nevertheless, there
7 is insufficient evidence in this case that any juror even had a brief glimpse of Petitioner's shackle
8 in the courtroom. The Court therefore adopts the Magistrate Judge's findings that Petitioner's
9 rights were not violated under <u>Deck</u>, and overrules this objection.

10 The R&R concluded that <u>Dyas</u> is distinguishable because the record here supports a
11 finding that the skirting of defense table and taping of the shackle were effective, whereas in
12 <u>Dyas</u> the record supported the opposite conclusion. (R&R at 9.) Petitioner objects to this
13 conclusion, arguing that the record does not support a finding that the measures taken by the trial
14 court were effective. (Obj. at 12.) As set forth above, the record supports a finding that the
15 efforts to conceal the shackle in the courtroom were effective, and there is no evidence any juror
16 actually saw the shackle in the courtroom. The Court therefore overrules this objection, and
17 adopts in full the findings and conclusions of the Magistrate Judge that the Petitioner's rights
18 were not violated under <u>Dyas</u>.

19 Finally, Petitioner objects to the application of the harmless error standard of <u>Brecht</u>,
20 contending this was a close case. (Obj. at 13.) However, because the Court finds there was no
21 federal Constitutional error, there is no need to conduct the harmless error analysis under <u>Brecht</u>.
22 Habeas relief is denied as to claim one on the basis that no federal Constitutional error resulted
23 from Petitioner's shackling.

24 **II.    Claim Two**

25 Petitioner does not object to the findings and conclusions with respect to claim two. The
26 Court adopts in full the findings and conclusions of the Magistrate Judge with respect to claim
27 two, and denies habeas relief for the reasons set forth in the R&R.
28 / / /

### III.  Conclusion and Order

The Court **ADOPTS** the findings and conclusions of the Magistrate Judge as set forth in this Order and **OVERRULES** Petitioner's objections. The Court **DENIES** the Petition for Writ of Habeas Corpus. The Court **ISSUES** a Certificate of Appealability limited to claim one only. See Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (providing that threshold "substantial showing of the denial of a constitutional right," is met by demonstrating that: (1) the issues are debatable among jurists of reason; or (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further).

The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: June 20, 2007

*Barry Ted Moskowitz*
Hon. Barry Ted Moskowitz
United States District Judge